# THE UNION STEAMBOAT COMPANY

*v.*

# DORA KNAPP.

1. CARRIER—*duty to give notice of arrival of goods.* Carriers by water have always been required to give notice to the consignee of the arrival of goods, where place of abode was known, and this rule has not been relaxed as it has with railroads.

2. Where goods shipped in Pennsylvania to the city of Chicago were directed to the consignee, whose name was placed upon the box, and the number of his place of business, and on their arrival by water a letter was mailed to him, without giving his number, and which, in consequence thereof, was returned, and the goods were then destroyed by fire, it was *held*, that the carrier was liable to the owner for a failure to direct the notice to the consignee at his business house.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of trespass on the case, by Dora Knapp, a married woman, against the Union Steamboat Company and the Erie Railway Company, to recover for the loss of goods shipped. The material facts necessary to an understanding of the case, are given in the opinion. The Union Steamboat Company brought the case to this court by appeal.

Mr. W. L. MITCHELL, and Messrs. RAE & MITCHELL, for the appellant.

Mr. FRANK J. CRAWFORD, and Mr. ADOLPH MOSES, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee shipped the goods, for the loss of which this suit was brought, at Mauch Chunck, in Pennsylvania, to Chicago, on the 8th of September, 1871. On the trial, the jury found a verdict for plaintiff, and assessed her damages at $353.18, but she remitted $160.68, and judgment was rendered for

$192.50 and costs, and defendant brings the case here by appeal. The goods arrived at Chicago on appellant's boat, "Roanoke," on the 20th of September, 1871, and remained at their dock and were destroyed by fire on the 9th of the next October.

The evidence, although somewhat conflicting, we think, shows that the goods were marked and consigned to John Knapp, 395 Clinton street, Chicago, and that appellant gave no notice to the consignee of their arrival, and that he did not learn the fact until after the goods were destroyed. But the company notified him, on the 17th day of October, that the goods had arrived and had been burned. This was the only notice received, but the clerk of appellant testified that he had, after the fire, mailed a notice to John Knapp, Chicago, but that it was returned not delivered. He also says that, on the day of the arrival of the goods, he mailed a notice directed to "John Knapp, Chicago," but it was returned not delivered.

The evidence shows that the railroad agent at Mauch Chunck, to whom the freight was paid, told appellee that the goods would reach Chicago in ten or twelve days, and would arrive at the Pittsburgh and Fort Wayne depot. Appellee, by herself or husband, called twice a day, for most of the time, at that depot, and inquired for the goods, but were informed that they had not arrived.

These facts, we think, establish such negligence on the part of appellant as to render it liable for the loss of the goods. They were consigned to a person at a particular number on a designated street, and the notice should have been directed to him at that number, and not to him generally in the city. Appellant was required to give notice of the arrival of goods by water, and, as the number of the consignee's residence or business house was given, it should have been directed to him there, and failing to do so was such negligence as renders the company liable. If the number or other specific direction had not been given, then the general notice would have been all that was required.

Carriers by water have always been required to give notice

to the consignee, when his place of abode was known. This rule has never been relaxed, as it has with railroads, nor do we see any reason to change a rule which is practicable and easy of performance, and the experience of the past has shown to be required by the exigencies of trade. Here, the name of the agent expected to receive the goods, and his number, were plainly marked on the box, and the company should have directed their notices to him at that number. Had it done so, we presume no loss would have occurred. For a failure to do so, it became liable to respond in damages for the loss. Although the evidence is not altogether harmonious, still we regard it as entirely sufficient to warrant the conclusion at which the jury arrived. After the *remittitur* was entered, the evidence fully sustained the balance of the damages returned by the verdict.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*